**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTONIO LAMAR SINCLAIR, <br> Appellant, | DOCKET NUMBER <br> AT-0752-16-0376-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, <br> Agency. | DATE: July 22, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David C. Jones, Warner Robins, Georgia, for the appellant.

Biron Ross, Warner Robins, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1 The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 5-day suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, and AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was employed as a GS-07 Production Support Technician at Robins Air Force Base (Robins AFB), Georgia. Initial Appeal File (IAF), Tab 6 at 18. On August 7, 2015, the agency proposed to suspend him for 5 calendar days based on charges of failure to properly request leave (7 specifications), unauthorized absence (5 specifications), tardiness, and failure to report for scheduled overtime. *Id.* at 114-15. The agency subsequently rescinded the notice of proposed suspension and proposed the appellant's removal based on the following six charges: (1) misuse of a Government owned vehicle (GOV); (2) failure to follow instructions; (3) failure to properly request leave (10 specifications); (4) unauthorized absence (10 specifications); (5) tardiness; and (6) failure to report for scheduled overtime. *Id.* at 42-46, 113. The deciding official affirmed the proposed action and the appellant's removal was effective January 29, 2016. *Id.* at 18, 22-23. The appellant timely filed a Board appeal in which he requested a hearing and alleged that he was denied due process. IAF, Tab 1.

¶3      After holding a hearing, the administrative judge issued an initial decision mitigating the removal action to a 5-day suspension.  IAF, Tab 33, Initial Decision (ID) at 1, 17.  She found that the agency proved only three of its six charges.  ID at 2-14.  Regarding the charge of misuse of a GOV, she found that the agency failed to prove that the appellant willfully, deliberately, or negligently misused a GOV, and thus failed to prove the charge.  ID at 2-7.  In particular, she found that the appellant's nonofficial use of the GOV to drive one mile to his home to change clothes he had soiled due to incontinence, with the intent to return to continue to perform his duties, fell within the minor personal use exception.  ID at 6.  She also found that the agency did not meet its burden of proving that the appellant failed to follow instructions to report that his driver's license had been suspended because he established that he did not know of the suspension earlier than when it was reported to the agency.  ID at 7.  The administrative judge sustained the failure to properly request leave charge but found that the agency proved only 5 of the 10 specifications underlying the charge.  ID at 8-10.  She also sustained the unauthorized absence charge, but sustained only two and a half of the specifications underlying the charge.  ID at 10-13.  The administrative judge did not sustain the tardiness charge but found that the agency proved the charge of failing to report for overtime.  ID at 13-14.  She further found that the appellant failed to prove that the agency denied him due process.  ID at 14-15.  Finally, she found that the agency failed to prove that the penalty of removal was within the bounds of reasonableness for the sustained charges, and she mitigated the penalty to a 5-day suspension.  ID at 15-17.  She ordered interim relief.  ID at 18.

¶4      The agency has petitioned for review.  Petition for Review (PFR) File, Tab 1.  In its petition, the agency argues that it proved that the appellant willfully and negligently misused a GOV.  *Id.* at 9-13.  The agency asserts that, under the circumstances, the administrative judge erred in applying the minor personal use exception to the appellant's use of a GOV.  *Id.*  Regarding the charge of failure to

follow instructions, the agency asserts that the administrative judge erred in finding that the appellant credibly testified that he did not report the suspension of his driver's license because he was unaware that it had been suspended. *Id.* at 13-15. The agency also argues that the administrative judge applied an incorrect legal standard in assessing this charge. *Id.* Additionally, the agency contends that the administrative judge erred in finding that it did not prove some of the specifications under the charges of unauthorized absence and failure to properly request leave. *Id.* at 16-24. The agency argues, moreover, that the administrative judge misapplied the law in finding that the agency failed to prove its tardiness charge. *Id.* at 23-24. The appellant has filed what appears to be a request that the agency comply with the administrative judge's interim relief order by issuing him a card that would give him access to his personal records and allow him to use base facilities such as the Child Development Center and the base exchange. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency failed to prove misuse of a GOV.</u>

¶5    The agency provided the following specification in support of this charge:

> On 19 September 2015, your supervisor, [D.H.] was notified by a Warner Robins Police Officer that you had been apprehended due to an outstanding warrant for your arrest at an off base location. At the time you were apprehended you were driving government owned vehicle # AF06B00642. You did not have permission to drive the government owned vehicle off of Robins Air Force Base. This is a violation of Air Force Instruction (AFI) 24-301, Transportation, Vehicle Operations, dated 1 November 2008, Chapter 3, [paragraph] 3.1, and in violation of WR-ALC Operating Instruction 24-2, Management and Use of Vehicles, dated 1 October 2015, Chapter 2, paragraph 2.6.5.

IAF, Tab 6 at 42.

¶6    The administrative judge found that both regulatory provisions cited by the agency in its charge prohibit the use of GOVs for other than official use, and that

AFI 24-301 provides that the penalty for negligent, willful misconduct, or deliberate unauthorized misuse, may result in "[s]uspension from duty . . . without pay, for not less than 1 month, suspension, or removal." ID at 3; IAF, Tab 6 at 88. She further found that the agency's regulation specifically refers to and, therefore, incorporates by reference 31 U.S.C. § 1344, to which 31 U.S.C. § 1349(b) relates. ID at 4-5. Section 1344 of title 31 sets forth certain circumstances under which GOVs are authorized, and section 1349(b) provides that those who violate section 1344 or willfully misuse a GOV for other than official purposes "shall be suspended without pay . . . for at least one month." 31 U.S.C. § 1349(b). The administrative judge therefore found that, for the agency to impose the statutory mandatory 30-day punishment, the agency must prove the "willful" misuse of the GOV. ID at 4-5.

¶7    The administrative judge also acknowledged, however, that the agency's regulation regarding misuse of a GOV is broader than section 1349(b) because in addition to the willful and deliberate elements, it makes negligent misuse a violation of the regulation. ID at 5; IAF, Tab 6 at 88. She interpreted the agency's regulation to mean that in the case of negligent misuse of a GOV, the agency could impose a suspension of less than 30 days. ID at 5. On petition for review, the agency does not disagree with the administrative judge's interpretation of its regulations and we find no basis for doing so. Thus, in determining whether the agency proved that the appellant misused a GOV, we have considered whether it proved either willful or negligent misuse.

¶8    To establish misuse of a GOV under section 1349(b) of title 31, the agency has to show that the appellant had actual knowledge that the use in question would be characterized as nonofficial or that he acted in reckless disregard as to whether the use was for nonofficial purposes. *See Kimm v. Department of the Treasury*, 61 F.3d 888, 891-92 (Fed. Cir. 1995). However, the Board will not sustain a charge of misuse of a GOV if the conduct at issue involved a minor personal use and if the vehicle was used primarily to further agency business.

*Fischer v. Department of the Treasury*, [69 M.S.P.R. 614](#), 617 (1996); *see D'Elia v. Department of the Treasury*, [14 M.S.P.R. 54](#), 56 (1982) (finding that a stop at a disco on the return route to a motel while on temporary duty was minor personal use); *Ferguson v. Department of the Army*, [8 M.S.P.R. 615](#), 617-18 (1981) (finding that a stop at the employee's residence with a GOV to pick up his own vehicle constituted minor personal use).

¶9        As the administrative judge found, the facts surrounding the appellant's misuse of a GOV charge are largely undisputed.  The appellant's supervisor authorized the appellant's use of a GOV for transport to a different area of the base so that the appellant could check equipment for the agency's annual inventory.  IAF, Tab 6 at 78.  However, when the appellant arrived at the site where he was to conduct the inventory, he encountered stomach pains related to his gastrointestinal conditions and experienced a bout of diarrhea.  *Id.* at 84.  He went to the bathroom and determined that he needed to go home to clean up.  *Id.* The administrative judge noted that the appellant testified that he was embarrassed by his predicament and did not want to call attention to his situation. ID at 3.  The appellant therefore drove the GOV home, a mile or less away, to clean up and change clothes.  *Id.*  He testified that, given the situation, he did not believe that his taking the vehicle a short distance to get cleaned up would be deemed an unauthorized use.  ID at 4.

¶10        We agree with the administrative judge that, under the unique circumstances of this case, the appellant's nonofficial use of the GOV fell within the boundaries of the minor personal use exception.  Even though the appellant left his official duty site to drive the short distance to his personal residence, he did so under difficult and distressing circumstances.  The agency cannot have reasonably expected him to continue his duties in that particular state.  The evidence reflects that the appellant did not do anything other than clean himself and change his clothes while at his home so that he could return and resume his official duties, thus using the GOV to continue conducting the inventory, the

Government's business that he was charged with performing. Given the appellant's harrowing situation, and the fact that his deviation from the base in the GOV was short in distance and duration, and expedited Government business, we agree with the administrative judge that the minor personal use exception applies, and that the willful or deliberate misuse charge cannot be sustained. *See Fischer*, 69 M.S.P.R. at 617.

¶11      Next, to prove negligent misuse, the agency must show a failure to exercise the degree of care required under the particular circumstances, which a person of ordinary prudence in the same situation and with equal experience would not commit. *See, e.g.*, *Mendez v. Department of the Treasury*, 88 M.S.P.R. 596, ¶ 26 (2001). We agree with the administrative judge that, for the same reasons that the agency failed to prove willful misuse of a GOV, it also failed to prove negligent misuse. We find that the appellant exercised the degree of care required under the particular circumstances of this case. He used the GOV to go to his nearby home to change his soiled clothing so that he could quickly continue with his duty of conducting an inventory. We find that the appellant's actions are not outside the degree of care expected of a person of ordinary prudence in the same situation with equal experience. Under the circumstances, we find that the appellant could reasonably have determined that his GOV use would promote the successful operation of the agency's mission by saving considerable time in completing the inventory. We therefore agree with the administrative judge's finding that the agency failed to prove its charge of misuse of a GOV.

The administrative judge correctly found that the agency did not establish that the appellant failed to follow instructions.

¶12      In support of this second charge, the agency provided the following specification:

> On 19 September 2015, [D.H.] became aware that during March 2015, your state driver's license had been suspended. You failed to notify [your] supervisor of your suspended state driver's license and to turn in Air Force Form 2293. This is in violation of

> WR-ALC Operating Instruction 24-2, Management and Use of Vehicles, dated 1 October 2015, Chapter 2, [paragraph] 2.6.4.

IAF, Tab 6 at 42-43.

¶13    The administrative judge found that the appellant credibly testified that he did not inform his supervisor of the suspension because he did not know his license had been suspended.  ID at 7.  She similarly found credible his testimony that he had appeared in court for traffic violations, had completed all the court-mandated requirements, and that no one had ever informed him that his license had been suspended.  *Id.*

¶14    The agency offered no evidence to refute the appellant's claim.  The administrative judge noted the agency's argument that whether the appellant knew his license was suspended is irrelevant because a charge of failure to follow instructions does not require proof of intent.  *Id.*  The administrative judge agreed with the agency's statement of the law, citing *Hamilton v. U.S. Postal Service,* 71 M.S.P.R. 547, 555 (1996).  She found, however, that although the failure-to-report charge can be sustained without the agency proving the appellant intentionally failed to follow instructions, the agency must nevertheless prove that he appellant was aware that the act that would trigger the reporting requirement had occurred.  ID at 7.

¶15    As the administrative judge properly found, the agency has failed to rebut the appellant's credible testimony that he was not aware that his license had been revoked.  The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The agency has not proven a sufficiently sound reason to overturn the administrative judge's finding that the appellant testified credibly that he did not know that his license had been revoked.  *Id.*

9

¶16     Moreover, we agree with the administrative judge that, if it is true that the appellant did not know his license had been revoked, he could not reasonably have been expected to report the matter.  The agency's argument that the administrative judge improperly incorporated an intent requirement into the applicable legal standard, PFR File, Tab 1 at 13-14, constitutes mere disagreement with her well-reasoned findings on this issue, and therefore does not provide a basis for review, *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge properly found that the agency failed to prove its charge of tardiness.

¶17     In support of this charge, the agency provided the following specification:

> On 8 July 2015, from 0700 to 0900, you were absent, without authorization, from 559 AMXS, Robins AFB, your required duty station; you [did] not request leave for that period.  Your absence was not authorized nor did you request leave for that period.  You reported for duty at approximately 0830.  You had no annual or sick leave available and you were carried in an [Absence Without Leave] (AWOL) status for 1.5 hours on 8 July 2015.

IAF, Tab 6 at 45.

¶18     The agency's contention, that the administrative judge misapplied applicable law when she found that it failed to prove that the appellant was tardy, is unavailing.  The administrative judge determined that the appellant's supervisor carried the appellant in an AWOL status on July 8, 2015, solely because he had no available sick or annual leave.  ID at 13.  We find that the administrative judge properly found that the supervisor abused his discretion in automatically carrying the appellant in an AWOL status without weighing other factors that might have warranted a grant of leave without pay.  *See White v. Department of Housing & Urban Development*, 95 M.S.P.R. 299, ¶ 17 (2003)

(stating that, even when the employee lacks sufficient leave to cover his absences, an AWOL charge based on those absences cannot be sustained if the agency abused its discretion in denying the employee's request for leave without pay); *Murray v. Department of the Navy*, 41 M.S.P.R. 260, 263-65 (1989) (finding an abuse of discretion when an agency denied leave without pay for 69 hours of absence for which the employee did not have sufficient sick and annual leave because the agency knew that his absence stemmed from an on-the-job injury).

<u>We need not address the agency's assertions that the administrative judge erred in failing to sustain some of the specifications underlying the unauthorized absence and failure to properly request leave charges.</u>

¶19        When more than one event or factual specification supports a charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Here, each of the charges of unauthorized absence and failure to properly request leave had more than one factual specification, and the administrative judge found that the agency proved one or more of those specifications for each charge. IAF, Tab 6 at 42-45; ID at 8-13. Because proof of at least one specification is sufficient to sustain each of these charges, we do not address whether the administrative judge erred in not sustaining certain specifications.

<u>A 5-day suspension is a reasonable penalty for the sustained misconduct.</u>

¶20        When the Board sustains fewer than all of the agency's charges, it may mitigate the agency's penalty to the maximum reasonable penalty, so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999); *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 7 (2010). Here, the administrative judge found that the agency did not indicate that it desired a lesser penalty be imposed if all the charges were not sustained. ID at 16.

¶21     The deciding official may not have indicated whether he would have imposed a lesser penalty if fewer than all the charges were sustained. Yet, it is nonetheless significant for purposes of our penalty analysis that, prior to issuing the notice of proposed removal, the agency issued a notice of proposed 5-day suspension based only on the charges of failure to properly request leave, unauthorized absence, tardiness, and failure to report for unscheduled overtime. IAF, Tab 6 at 114-15. Subsequently, the agency added additional specifications of misconduct to the failure to properly request leave and unauthorized absence charges when proposing the appellant's removal. Notably, though, three of the charges that formed the basis of the proposed 5-day suspension are exactly the same charges that the administrative judge sustained. Thus, the fact that the agency previously proposed the appellant's suspension based on these same sustained charges weighs in favor of mitigation.

¶22     Moreover, as the administrative judge indicated, there are compelling factors in this case that warrant strong mitigating weight. Three of the six charges, including the serious charges of misuse of a GOV and failure to follow instructions, were not sustained. Undoubtedly, the sustained charges of failure to properly request leave, unauthorized absence, and failure to report for unscheduled overtime are also serious. *See Wilkinson v. Department of the Air Force*, 68 M.S.P.R. 4, 7 (1995) (sustaining the appellant's removal when he failed to follow leave-requesting procedures). However, we agree with the administrative judge's finding that the agency had information in its possession that should have put it on notice that the appellant was suffering from serious medical conditions that might have entitled him to leave under the Family and Medical Leave Act of 1993 (FMLA). ID at 16. The administrative judge noted that the appellant testified that he was suffering from depression, and that the appellant's first-line supervisor acknowledged that the appellant had discussed medical issues with him. ID at 9, 16. In addition, the record reflects that this

supervisor was concerned about the appellant's well-being and had referred him to the Employee Assistance Program (EAP). IAF, Tab 6 at 76.

¶23 The record also contains a memorandum from another agency supervisor stating that in July 2015, he received a call from the appellant during which the appellant stated he was experiencing stress and felt the need to consume alcohol, but had not. *Id.* at 71. This supervisor explained that he was aware that the appellant was a recovering alcoholic, and that he later called back the appellant to express concern about his situation. *Id.* The following day, this supervisor met with the appellant's first and second-line supervisors to discuss the call. *Id.* In addition, the record also reflects that the appellant's second-line supervisor suggested to the appellant that he contact the EAP. *Id.* at 73. In light of the testimonial and record evidence indicating that the appellant's supervisors were aware that he was suffering from medical conditions, we agree with the administrative judge's finding that the agency's failure to provide the appellant with information on how he could request leave under the FMLA constituted a mitigating factor in this case.

¶24 In addition, the administrative judge found that the appellant's depression likely contributed to some or all of the misconduct in this case. In reaching this finding, the administrative judge considered the appellant's testimony that he did not report for work because of his depression. ID at 9. The appellant's testimony that he was suffering from depression is corroborated by the record. For example, the appellant submitted records from the EAP indicating that he had reported suffering from depression. IAF, Tab 10 at 5. The appellant also furnished medical documentation reflecting that he was initially prescribed medication for depression in June 2015. *Id.* at 26. Evidence that an employee's medical condition or mental impairment played a part in the charged misconduct is entitled to considerable weight as a mitigating factor. *See Malloy v. U.S. Postal Service*, 578 F.3d 1351, 1356-57 (Fed. Cir. 2009).

¶25 In balancing the seriousness of the sustained misconduct against the mitigating factors and circumstances in this case, we agree with the administrative judge's determination that mitigating the agency-imposed penalty is warranted.

The appellant's challenge to the agency's certification of compliance with the interim relief order

¶26 With its petition for review, the agency submitted a statement that, in accordance with the instructions in the Board's initial decision, it placed the appellant on an interim appointment, effective the date of the initial decision was issued, pending resolution of the petition for review. PFR File, Tab 1 at 29. Accompanying the agency's statement is a Standard Form 50 giving the appellant an interim appointment. *Id.* at 26. After the agency submitted its certification of compliance with the interim relief order, the appellant submitted a pleading alleging that the agency has not provided him with a card by which he can gain access to certain of his records and to base facilities. PFR File, Tab 3.

¶27 We have considered the appellant's pleading as a challenge to the agency's certification of compliance. 5 C.F.R. § 1201.116(b). Ordinarily, when an appellant challenges the agency's certification of compliance with an interim relief order, the Board will issue an order affording the agency the opportunity to submit evidence of compliance. *Id.* If the agency fails to provide evidence of compliance in response to such an order, the Board may, at its discretion, dismiss the agency's petition for review. 5 C.F.R. § 1201.116(e). In this case, however, we find that the agency's petition does not meet the criteria for review in any event, and issuing our final decision renders moot any dispute concerning the agency's compliance with the interim relief order. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016). If the appellant believes that the agency is in noncompliance with the Board's final order, he may file a petition for enforcement in accordance with the instructions provided below. *Id.*

**ORDER**

¶28     We ORDER the agency to cancel the removal and substitute a 5-day suspension.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶29     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶30     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶31     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶32     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.